**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Jose AGUILAR, Jr., Defendant–**
**Appellant.**

No. 15–30072.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2016.*

Filed March 21, 2016.

Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, Tara Elliott, USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Kelly John Varnes, Hendrickson Everson Noennig & Woodward, PC, Billings, MT, for Defendant–Appellant.

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Jose Aguilar, Jr., appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the district court has authority to modify a sentence under section 3582(c)(2), *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir.2009), and we affirm.

Aguilar contends that he is eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court properly concluded that Aguilar is ineligible for a reduction because his 168–month sentence is already at the bottom of his amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) (district court may not reduce a sentence "to a term that is less than the minimum of the amended guideline range"); *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir.2014). Contrary to Aguilar's contention, his "applicable guideline range" is determined without consideration of any departure or variance applied at his original sentencing. *See* U.S.S.G. § 1B1.10 cmt. n. 1(A); *United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir.2013).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.